UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

EATON CORPORATION,

        Plaintiff,

                                            Case No.  03-74844

vs.

                                            HON.  GEORGE CARAM STEEH

ZF MERITOR LLC, ARVINMERITOR,
INC. and ZF FRIEDRICHSHAFEN AG,

        Defendants.
_____/

ORDER GRANTING PLAINTIFF'S MOTION TO DISMISS
CERTAIN INFRINGEMENT CLAIMS WITHOUT PREJUDICE
AND FOR LEAVE TO ASSERT CERTAIN OTHER INFRINGEMENT
CLAIMS [DOCUMENT NO. 45] WITH CONDITIONS

        This matter comes before the Court on plaintiff Eaton Corporation's motion to dismiss certain infringement claims without prejudice and for leave to assert certain other infringement claims.  In particular, Eaton requests permission to dismiss its claims regarding U.S. Patent Nos. 5,275,267; 5,293,316; 5,403,249; and 5,439,428, referred to as the "Slicker Patents".  In addition, Eaton would no longer assert infringement of Claims 18 to 22 of U.S. Patent No. 5,664,458.   Eaton also moves the Court for leave to assert additional claims contained in one of the Patents-in-Suit, namely Claims 3, 7, and 8 of U.S. Patent No. 4,899,279.

I.  <u>Dismissal Without Prejudice</u>

        Defendants, ZF Meritor, Arvinmeritor, and ZF Friedrichshafen, object to a dismissal of claims without prejudice at this stage of the proceedings.  The

determinations of whether an action should be dismissed and what conditions, if any, should be applied are "within the sound discretion of the district court." Grover v. Eli Lilly and Co., 33 F.3d 717, 718 (6th Cir. 1994). A court should deny a request to dismiss without prejudice if the defendant would suffer "plain legal prejudice." Id. In determining whether a defendant will suffer "plain legal prejudice" a court should consider: (1) the defendant's effort, expense and preparation for trial; (2) excessive delay and lack of diligence on the part of plaintiff; (3) insufficient explanation for the need to take a dismissal; and (4) whether a motion for summary judgment has been filed by defendant. Id.

Plaintiff defends the timing of its motion to dismiss by stating that it was not in a position to determine the strength of the Slicker patent infringement claims until it took the deposition of defendants' 30(b)(6) witness on defendants' redesigned software code and its operation on February 15 and 16, 2006. Plaintiff informed defendants of its decision to withdraw its claims less than a week later. Defendants compare this case to Minn. Mining and Mfg. Co. v. Barr Labs., 289 F.3d 775 (Fed. Cir. 2002) wherein the plaintiff was facing an adverse summary judgment ruling when it moved to dismiss without prejudice. The Federal Circuit agreed with the district court that plaintiff's motion to dismiss without prejudice sought to "escape an adverse judgment." Id. at 784. Plaintiff in this case is not facing summary judgment.

Defendants further argue that plaintiff's motive for attempting to dismiss the Slicker and '458 claims without prejudice appears to be anti-competitive and part of a campaign directed to preventing defendants' importation of its accused transmissions into the United States. Defendants contend that if plaintiff is permitted to dismiss the

Slicker patents without prejudice, it will create "clouds of doubt" among U.S. consumers and deny defendants opportunities in the U.S. market.

Plaintiff discussed its reasons for seeking dismissal in an in-chambers conference with defendants and the court. Plaintiff conducted a cost-benefit analysis and determined that the cost of litigation did not make sense with regard to these particular patents and claims, given defendants' level of activity at this time. Defendants may still pursue declaratory relief, but that decision would be defendants' to make rather than plaintiff's.

The court hereby grants plaintiff's motion to dismiss without prejudice, but retains jurisdiction in the event plaintiff ever asserts infringement with regard to the dismissed patents and claims. At such time, the court will consider the issue of costs and sanctions.

II. Motion for Leave to Amend

Rule 15(a) of the Federal Rules of Civil Procedure governs a party's request to amend pleadings. Fed. R. Civ. P. 15(a). Leave to amend should be denied when the moving party acts with (1) undue delay, (2) bad faith or dilatory motive, (3) repeated failures to cure deficiencies by amendments previously allowed, (4) undue prejudice, or (5) futility. Foman v. Davis, 371 U.S. 178, 182 (1962).

Defendants allege undue delay on the part of plaintiff in seeking to add the additional claims of the '279 patent. Defendants aver that the '279 patent has been the subject of discovery and two evidentiary hearings before the ITC, and that upon reinstatement of the case in this court, plaintiff could have but failed to assert claims 3, 7 and 8 of the '279 patent. Plaintiff explains that the ITC hearings only involved claim 15

of the '279 patent. When defendants' FreedomLine transmission was redesigned in 2005, plaintiff determined that defendants infringed claim 1 of the '279 patent, as well as dependent claims 3, 7, and 8.

There has been some delay in notifying defendants of plaintiff's new assertions of infringement. However, the delay was not long, and it does not appear to have been the result of bad faith.

The court grants plaintiff's motion for leave to assert Claims 3, 7, and 8 of the '279 Patent. The court defers to the Special Master to determine how much additional time, if any, should be given defendants because of this court's order allowing the additional claims.

                                      S/George Caram Steeh
                                      GEORGE CARAM STEEH
                                      UNITED STATES DISTRICT JUDGE

Dated: March 23, 2006

## CERTIFICATE OF SERVICE

Copies of this Order were served on the attorneys of record on March 23, 2006, by electronic and/or ordinary mail.

                                      S/Josephine Chaffee
                                        Secretary/Deputy Clerk