**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**

| | | |
|---|---|---|
| EATON CORPORATION | ) | |
| | ) | |
| Plaintiff, | ) | Case No.  03-74844 |
| | ) | Hon. George Caram Steeh |
| v. | ) | Magistrate Judge R. Steven Whalen |
| | ) | |
| ZF MERITOR LLC, | ) | |
| ARVINMERITOR, INC., and | ) | |
| ZF FRIEDRICHSHAFEN AG, | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER**

This matter coming before the Court on the parties Joint Motion for the U.S. District Court to Request that the United States International Trade Commission Release the Confidential Record, the Court being fully advised in the premises, it is hereby ordered that the ITC shall certify the confidential record from In the Matter of Certain Automated Transmission Systems for Medium-Duty and Heavy-Duty Trucks and Components Thereof, Investigation No. 337-TA-503) for use in this case subject to the Protective Order that has been entered by the Court.

The Clerk of the Court is directed to deliver a certified copy of this Order along with a copy of this Court's protective order (attached) to:

Marilyn R. Abbott

Secretary
U.S. International Trade Commission
500 E Street, S.W.
Washington, D.C.  20436

SO ORDERED.

Dated:          April 17, 2006          Entered By:

s/George Caram Steeh
Honorable George Caram Steeh
United States District Court Judge

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

EATON CORPORATION,

        Plaintiff,

                Case No. 03-74844

      v.

                Judge George Caram Steeh
                Magistrate Judge R. Steven Whalen
ZF MERITOR LLC, ARVINMERITOR,
INC. and ZF FRIEDRICHSHAFEN AG,

        Defendants.

_____/

**PROTECTIVE ORDER**

WHEREAS, documents and information may be sought, produced or exhibited by and among the parties to the above captioned proceeding, which materials relate to trade secrets or other confidential research, development or commercial information, as such terms are used in the Rule 26(c)(7) of the Federal Rules of Civil Procedure,

IT IS HEREBY ORDERED THAT:

1.      Confidential business information is non-public confidential, proprietary, or commercially sensitive information that concerns or relates to the trade secrets, processes, operations, style of work, or apparatus, or to the production, sales, shipments, purchases, transfers, identification of customers, inventories, amount or source of any income, profits, losses, or expenditures of any person, firm, partnership, corporation, or other organization, the disclosure of which information is likely to cause substantial harm to the competitive position of the person, firm, partnership, corporation, or other organization from which the information was obtained.

2.      Any information supplied by any party to this lawsuit or by any third party, either voluntarily or pursuant to order, in this action, which is asserted by the supplier to contain or constitute confidential business information shall be so designated by such supplier in writing, or orally at a deposition or hearing. Documents shall be clearly and prominently marked on their face with the legend: "[supplier's name] CONFIDENTIAL BUSINESS INFORMATION, SUBJECT TO PROTECTIVE ORDER," or a comparable notice. Information obtained during discovery and asserted by the supplier to be confidential under this order will be deemed to be confidential unless the Court rules that it is not. The Court may determine that information alleged to be confidential is not confidential, or that its disclosure is necessary for the proper disposition of the proceeding, at any time before, during or after the close of the proceedings herein. If such a determination is made by the Court, opportunity shall be provided to the supplier of such information to argue its confidentiality, prior to the time that such ruling becomes final.

3.      In the absence of written permission from the supplier or an order by the Court, any confidential documents or business information submitted in accordance with the provisions of paragraph 2 above shall not be disclosed to any person other than: (i) outside counsel for parties to this action, including necessary secretarial and clerical personnel assisting such counsel, (ii) up to two (2) in-house counsel for plaintiff and two (2) in-house counsel for each defendant; provided that such in-house counsel are not involved in the preparation and prosecution of patent applications for the benefit of their responsive employers or such employers affiliates, (iii) independent experts, whether testifying or non-testifying experts, and their staff who are employed by outside counsel for the purposes of this litigation (and are not otherwise employed by, consultants to, or otherwise affiliated with a party, or are employees of any domestic or foreign manufacturer, wholesaler, retailer, or

distributor of certain automated mechanical transmission systems for medium-duty and heavy-duty trucks, and components thereof), (iv) court reporters, videographers and necessary support personnel for such court reporters and videographers retained in connection with depositions and/or hearing/trial testimony taken by any party to this litigation, (v) commercial copy services, translators, graphics or trial preparation consultants (including any mock juries or focus groups hired by such consultants), and the like hired by and assisting outside counsel for a party, provided such commercial organizations are made aware of and agree to abide by the provisions of this Order and (vi) the Court, and the Court's staff.

4.    Confidential business information submitted in accordance with the provisions of paragraph 2 above shall not be made available to any person designated in paragraph 3(ii) and (iii) unless he or she shall have first read this order and shall have agreed, by letter (letter of acknowledgment): (i) to be bound by the terms thereof; (ii) not to reveal such confidential business information to anyone other than another person designated in paragraph 3; and (iii) to utilize such confidential business information solely for purposes of this action. Such letter shall also acknowledge that the signatory(ies) has (have) read the order. All letters of acknowledgment of this Protective Order shall be served on all parties and on all non-parties who have theretofore submitted confidential business information in accordance with the provisions of paragraph 2, above. Clerical and support personnel of proposed expert witnesses need not sign a letter of acknowledgment.

5.    If the Court orders, or if the supplier and all parties to the action agree, that access to, or dissemination of, information submitted as confidential business information shall be made to persons not included in paragraph 3 above, such matter shall only be accessible to, or disseminated to, such persons based on the conditions pertaining to, and obligations

arising from, this order, and such persons shall be considered subject to it unless the Court finds that the information is not confidential business information as defined in paragraph 1 hereof.

6.      Any confidential business information submitted to the Court in connection with a motion or other proceeding within the purview of this action shall be filed with the Court under seal. When any confidential business information submitted in accordance with paragraph 2 above is included in an authorized transcript of a deposition or exhibits thereto, arrangements shall be made with the court reporter taking the deposition to bind such confidential portions and separately label them "[supplier's name], CONFIDENTIAL BUSINESS INFORMATION, SUBJECT TO PROTECTIVE ORDER."

7.      The restrictions upon, and obligations accruing to, persons who become subject to this order shall not apply to any information submitted in accordance with paragraph 2above to which the person asserting the confidential status thereof agrees in writing, or the Court rules, after proper notice and hearing, was

(a)      publicly known at the time it was supplied to the receiving party or has since become publicly known through no fault of the receiving party;

(b)      already known to the receiving party by lawful means, and without any restriction on the use or disclosure of said information, prior to acquisition from, or disclosure by, another party in this action; or

(c)      rightfully obtained by the receiving party from a third party which had authority to provide such confidential information on a non-confidential basis.

8.      If no determination has been made by the Court that the information designated as confidential by the submitter is not confidential, the persons who are recipients of such information shall take all necessary and proper steps to preserve the confidentiality of, and to

protect each supplier's rights with respect to, any confidential business information designated by the supplier in accordance with paragraph 2 above.

9.      If a party to this order who is a recipient of any business information designated as confidential and submitted in accordance with paragraph 2, disagrees with respect to such a designation, in full or in part, it shall notify the supplier in writing, and they will thereupon confer as to the status of the subject information proffered within the context of this order. If prior to, or at the time of, such a conference, the supplier withdraws its designation of such information as being subject to this order, but nonetheless submits such information for purposes of the action, such supplier shall express the withdrawal in writing and shall serve such withdrawal upon all parties. If the recipient and supplier are unable to concur upon the status of the subject information submitted as confidential business information within ten (10) business days from the date of notification of such disagreement, any party to this order may raise the issue of the designation of such a status to the Court. However, no party shall be obligated to challenge the propriety of a confidential designation, and a failure to do so shall not preclude a subsequent attack on the propriety of such designation. Upon notice that such confidential status of information is at issue, the party to the action which submitted the information and designated it as confidential shall have the burden of proving such confidential status.

10.      No less than ten (10) business days (or any other period of time designated by the Court) prior to the initial disclosure to the proposed expert of any confidential information submitted in accordance with paragraph 2, the party proposing to use such expert, whether testifying or non-testifying, shall submit in writing the name of such proposed expert and his or her educational and employment history to the supplier. If the supplier objects to the disclosure of such confidential business information to such proposed expert as inconsistent

with the language or intent of this order or on other grounds, it shall notify the recipient in writing of its objection and the grounds therefor prior to the initial disclosure. If the dispute is not resolved on an informal basis within ten (10) business days of receipt of such notice of objection, the party objecting to the disclosure of confidential business information shall move the Court for a ruling on such objection. The submission of such confidential business information to such proposed expert shall be withheld pending the ruling of the Court.

11.     If confidential business information submitted in accordance with paragraph 2 is disclosed to any person other than in the manner authorized by this protective order, the party responsible for the disclosure must immediately bring all pertinent facts relating to such disclosure to the attention of the supplier and, without prejudice to other rights and remedies of the supplier, make every effort to prevent further disclosure by it or by the person who was the recipient of such information.

12.     Upon final termination of this action, each party that is subject to this order shall destroy or return to the supplier all items containing confidential business information submitted in accordance with paragraph 2 above, including all copies of such matter which may have been made, but not including copies containing notes or other attorney's work product that may have been placed thereon by counsel for the receiving party. All copies containing such notes or other attorney's work product shall be destroyed. Receipt of material returned to the supplier shall be acknowledged in writing. Notwithstanding the foregoing, counsel of record, may keep on a confidential basis, one archival copy of all pleadings and other documents filed with the Court or made a part of the record of this case. Discovery responses and deposition testimony and exhibits shall not be retained unless they are part of the court record.

13.     If any confidential business information which is supplied in accordance with paragraph 2 above is supplied by a non-party to this action, such a non-party shall be considered a "supplier" within the meaning of that term as it is used in the context of this order. That non-party shall be permitted to designate any information which it supplies in accordance with the provisions of this Protective Order, and that information will be subject to and afforded the same protections as that information produced by the parties to this action.

14.     At or before the final termination of this action, copies of confidential information in the possession of expert witnesses must be retrieved or destroyed.

15.     The parties may move to amend this order, but any proposed amendment that would broaden the range of persons having access to confidential business information must be proposed and adopted before such information is supplied in reliance upon the terms of this order unless all suppliers of confidential information consent to the amendment.


S/R. Steven Whalen


R. STEVEN WHALEN
UNITED STATES MAGISTRATE JUDGE

Dated: September 14, 2005

### CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing order was served on the attorneys and/or parties of record by electronic means or U.S. Mail on September 14, 2005.

S/Gina Wilson
Judicial Assistant

**ATTACHMENT A**

**NON-DISCLOSURE AGREEMENT**

I, _____, do solemnly swear that I will not divulge any information communicated to me in any confidential portion of the action or hearing in Eaton Corporation v. ZF Meritor LLC, et al., Case No. 03-74844, except as permitted in the protective order issued in this case. I will not directly or indirectly use, or allow the use of such information for any purpose other than that directly associated with my official duties in this case.

Further, I will not by direct action, discussion, recommendation, or suggestion to any person reveal the nature or content of any information communicated during any confidential portion of a hearing or a trial in this case.

I also affirm that I do not hold any position or official relationship with any of the participants in said case.

I am aware that the unauthorized use or conveyance of information as specified above is a violation the Federal Criminal Code and punishable by a fine of up to $10,000, imprisonment of up to ten (10) years, or both.

Signed: _____

Dated: _____

Firm or affiliation: _____