UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

EATON CORPORATION,

        Plaintiff,

Case No.  03-74844

vs.

HON.  GEORGE CARAM STEEH

ZF MERITOR LLC, ARVINMERITOR,
INC. and ZF FRIEDRICHSHAFEN AG,

        Defendants.
_____/

ORDER REGARDING DEFENDANTS' OBJECTIONS
TO SPECIAL MASTER'S REPORT AND RECOMMENDATION
ON CLAIM CONSTRUCTION ISSUES FOR U.S. PATENT 5,624,350

      The '350 patent, entitled "Automated Clutch Control and Calibration", relates to method and apparatus for reengaging a clutch in a truck transmission system after the clutch has been disengaged.  The essence of the invention is a way to shorten the distance the clutch has to move between events of engagement and disengagement.  Defendants object to the Special Master's recommended construction on the basis that it expands the scope of the claim beyond that described and supported by the specification, and that it interjects indefiniteness and ambiguity in the asserted claims because one of ordinary skill in the art is not able to determine their scope and boundary.

      The claimed invention purports to improve responsiveness of the clutch during clutch engagement by defining clutch control parameters corresponding to an "approach point" as well as a "touch point".  The touch point, also called the point of incipient engagement, is a theoretical point at which the clutch plates just begin to touch.  The '350 patent describes touch point as the point "at which the master clutch just beg[ins]

to transmit torque." This point cannot be observed directly because the clutch plates are enclosed in a bell housing. In addition, torque transfer cannot be directly measured. The term "touch point" was known to those skilled in the art at the time the '350 patent was issued. There is no agreed upon standard for determining touch point, and different prior art methods produce inconsistent results.

The term "approach point" is not a term of art used by automotive engineers. The '350 specifications state that approach point is not the same point as the touch point. The Special Master's Report states that "the approach point is a point intermediate full disengagement and the touch point, preferably almost to the touch point." Defendant contends that the approach point is a single point, while the recommended definition encompasses an infinite number of possible approach points, including points that the prior art teaches are touch points. Both experts used illustrations which demonstrate that the same points described in the prior art as a touch point can be an approach point under the recommended definition. Defendants urge the court to reject the recommended definition because the '350 patent teaches that the touch point and approach point must be different points. Rather, defendants invite a claim construction which includes using the algorithm set forth in FIG 4 of the '350 patent for determining the touch point and approach point.

The Special Master specifically addressed defendants' concerns in his Report, emphasizing that limitations in patent specifications are generally not imported into the claims, and that issues of infringement and validity generally are separate from claim construction. The Report concludes that the '350 patent sets forth express definitions for approach point and touch point, and such definitions are clear enough so that one skilled in the art can easily understand what is being read in light of the patent

specifications.  The Special Master notes that the claim construction leaves the claims "broad" as sought by plaintiff, i.e. not limited to the specific calibration technique disclosed in the patent.

The Report goes on to consider the issue of indefiniteness, which would render a claim invalid if those skilled in the art would not understand the scope of the claim when the claim is read in light of the specification.  Amtel Corp. v. Information Storage Devices, Inc., 198 F.3d 1374, 1378 (Fed. Cir. 1999); Personalized Media Communications, LLC v. ITC, 161 F.3d 696, 705 (Fed. Cir. 1998).  In this case the experts are in direct confrontation about "indefiniteness" and how those skilled in the art would view the matter.  The Special Master concludes that under Federal Circuit precedent, such a validity challenge is ripe for consideration at trial.  See Liebel-Flarsheim Co. v. Medrad, Inc., 358 F.3d 898, 911-14 (Fed. Cir. 2004).

This court adopts the Special Master's recommended claim construction without modification, as well as the recommendation to deny defendant's motion for summary judgment of invalidity for indefiniteness.

It is so ordered.


Dated:  November 14, 2006              S/George Caram Steeh
                                       GEORGE CARAM STEEH
                                       UNITED STATES DISTRICT JUDGE

---

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on
November 14, 2006, by electronic and/or ordinary mail.

S/Josephine Chaffee
Deputy Clerk

---