UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

EATON CORPORATION,

        Plaintiff,

Case No.  03-74844

vs.

HON.  GEORGE CARAM STEEH

ZF MERITOR LLC, ARVINMERITOR,
INC. and ZF FRIEDRICHSHAFEN AG,

        Defendants.
_____/

ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION [DOC. # 194]

This court entered an opinion and order granting defendants' motion for partial summary judgment precluding Eaton's claim for lost profits damages.  Plaintiff filed this motion for reconsideration on March 19, 2007.

Local Rule 7.1(g)(3) of the Local Rules of the United States District Court for the Eastern District of Michigan provides:

> [M]otions for rehearing or reconsideration which merely present the same issues ruled upon by the court, either expressly or by reasonable implication, shall not be granted.  The movant shall not only demonstrate a palpable defect by which the court and the parties have been misled but also show that a different disposition of the case must result from a correction thereof.

In their motion, plaintiff correctly identifies the factors to be considered in establishing demand for the patented product.  These are the same factors considered by the court in determining whether demand for the patented features had been demonstrated by Eaton.  The court's opinion dealt largely with marketing materials which allegedly promoted the patented features because that was the only factor

advanced by plaintiff with meaningful evidence to address. There was virtually no analytical evidence submitted for the finder of fact to evaluate sales of infringing products or plaintiff's claim that defendants continued to risk infringement liability, to fairly support inferences of customer demand for the patented features.

Moreover, the three factors identified by plaintiff are not equally weighted in determining demand for the patented features of a particular product. Marketing materials which promote the patented features are the most direct evidence of customer demand, in the absence of customer or sales representative statements regarding the particular bases for demand. The courts prior opinion points out the paucity of such evidence. Evidence of a defendant's wilful infringement and sales, on the other hand, is an indirect way of showing what marketing materials show directly in this regard. Such indirect evidence is extremely weak in the context of complex machinery, like the transmission at issue,  with many functions unrelated to the patented features.

The court finds that plaintiff's motion does not demonstrate a palpable defect by which the court has been misled. Accordingly,

IT IS ORDERED that plaintiff's motion for reconsideration is hereby DENIED. So ordered.

Dated:  March 22, 2007

S/George Caram Steeh
GEORGE CARAM STEEH
UNITED STATES DISTRICT JUDGE

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on March 22, 2007, by electronic and/or ordinary mail.

s/Josephine Chaffee
Deputy Clerk