UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

EATON CORPORATION,

        Plaintiff,

        Case No. 03-74844

vs.

        HON. GEORGE CARAM STEEH

ZF MERITOR LLC, ARVINMERITOR,
INC. and ZF FRIEDRICHSHAFEN AG,

        Defendants.
_____/

ORDER DENYING PLAINTIFF'S MOTION
FOR RECONSIDERATION OF ORDER GRANTING SUMMARY
JUDGMENT OF INVALIDITY OF THE '279 PATENT [DOC. # 245]

This court entered an opinion and order granting defendants' motion for summary judgment of invalidity of the '279 patent on September 26, 2007. Plaintiff filed this motion for reconsideration on October 11, 2007. For the reasons given below, plaintiff's motion for reconsideration is DENIED.

Plaintiff's motion for reconsideration contains three arguments: (1) the Court erred by finding dependent claims 7 and 8 obvious simply because they depend from an independent claim that the Court found invalid for obviousness, (2) the Court erred in finding claims 7 and 8 obvious from the combination of the Kelsey-Hayes German reference and the Magnusson patent, and (3) the Court erred in finding claim 15 obvious from the combination of Ravenel and Magnusson.

Local Rule 7.1(g)(3) of the Local Rules of the United States District Court for the Eastern District of Michigan provides:

[M]otions for rehearing or reconsideration which merely present the same

> issues ruled upon by the court, either expressly or by reasonable implication, shall not be granted. The movant shall not only demonstrate a palpable defect by which the court and the parties have been misled but also show that a different disposition of the case must result from a correction thereof.

As to plaintiff's first argument, the Court did err in finding claims 7 and 8 obvious simply because they depend from an independent claim that the Court found invalid for obviousness. According to 35 USC § 282, all claims are "presumed valid independently of the validity of other claims." The Court will therefore analyze claims 7 and 8 for obviousness.

Claim 1 recites, in relevant part, disengaging the clutch in response to a wheel lock-up condition. Claim 7 depends on claim 1, and additionally recites, in response to a wheel lock-up condition, prohibiting the processing unit from generating all transmission gear change command output signals. In its opinion, the Court concluded that "Magnusson teaches that there are alternatives other than shifting to neutral since that is given as one example of a means to ensure that an incorrect gear is not selected." (Order at 6.) Plaintiff takes issue with this statement, arguing that Magnusson's teaching of shifting to neutral is not just *one* example of ensuring an incorrect gear is not selected, but that it is the *only* example.

Plaintiff goes on to explain that disengaging the clutch and shifting to neutral are not alternatives. According to plaintiff, torque must be broken, by disengaging the clutch or by some other method, in order to shift to neutral. However, Dr. Davis explained that one of ordinary skill in the art would have understood that disengaging the clutch and shifting to neutral were interchangeable alternatives for breaking drivetrain torque. (Docket Entry 225, Ex. 7A at ¶ 53.) Dr. Caulfield explained the very

2

same concept before the International Trade Commission in discussing the '279 patent.

> It's known to me that if you're going to get an anti-lock system to work properly, you do have to – it's fundamental – disengage the engine from the drivewheels, otherwise the anti-lock can't perform properly. So it has to either be in neutral, disengage a master clutch, or do some other thing with the driveline to disconnect it.
> . . . .
> For example, disengage the coupling could be disengage the master clutch or whatever anybody else wanted to put in there to disengage the drivetrain from the wheels. That has to happen. You could shift to neutral and get that to happen.
> . . . .
> [Answering the question posed by Judge Luckern regarding how many embodiments are embodied in figure 2A of the '279 patent relating to disengaging the coupling:] One is shift to neutral. Two is disengage a master clutch. Three is there could be something else that you could input in between the engine and the driveline to disengage it, particularly for these purposes. So it's all devices that would remove the engine inertia would satisfy the block disengage the coupling.

(Defendants' Opposition to Plaintiff's Motion for Reconsideration, Ex. 1.)

There is no dispute that when combining the Magnusson and Kelsey-Hayes teachings, it would have been obvious to one of ordinary skill in the art to interrupt the driveline torque by disengaging the clutch without shifting to neutral. Claim 7, therefore, does not add anything new to the obvious features of the independent claims. Reconsideration as to claim 7 is denied.

Plaintiff contends that "claim 8 is not obvious for at least the same reasons that claim 7 is not obvious." This argument on reconsideration is rejected because it does not demonstrate a palpable defect by which this Court has been misled.

Plaintiff's arguments with regard to claim 15 present the same issues previously considered and ruled upon by the Court. Plaintiff's motion for reconsideration as to claim 15 is DENIED. Accordingly,

IT IS ORDERED that plaintiff's motion for reconsideration is hereby DENIED.

So ordered.

Dated: December 13, 2007

S/George Caram Steeh
GEORGE CARAM STEEH
UNITED STATES DISTRICT JUDGE

---

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on December 13, 2007, by electronic and/or ordinary mail.

s/Josephine Chaffee
Deputy Clerk