UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

EATON CORPORATION,

       Plaintiff,

Case No. 03-74844

vs.

HON. GEORGE CARAM STEEH

ZF MERITOR LLC, ARVINMERITOR,
INC. and ZF FRIEDRICHSHAFEN AG,

       Defendants.
_____/

ORDER DENYING DEFENDANTS' MOTION FOR
SUMMARY JUDGMENT PRECLUDING EATON'S CLAIM
FOR WILLFUL INFRINGEMENT AND ENHANCED DAMAGES

This matter comes before the Court on defendants' motion for summary judgment precluding plaintiff's claim for willful infringement and enhanced damages. The Court is familiar with the matter, having read the briefs and having heard oral argument by counsel.

Until recently, the standard of care was akin to negligence and imposed an affirmative duty of care on competitors to avoid potential infringement. That test was abandoned by the Federal Circuit Court of Appeals, and the new test for establishing willful infringement requires a higher evidentiary standard, i.e., recklessness, and adds an initial, threshold objective inquiry that must be met in order to show willfulness:

> [P]roof of willful infringement permitting enhanced damages requires at least a showing of objective recklessness.
>
>                  \* \* \* \* \*
>
> [T]o establish willful infringement, a patentee must show by clear and convincing evidence that the infringer acted despite an objectively high likelihood that its actions constituted infringement of a valid patent. . . The

state of mind of the accused infringer is not relevant to this objective inquiry. If this threshold objective standard is satisfied, the patentee must also demonstrate that this objectively defined risk (determined by the record developed in the infringement proceeding) was either known or so obvious that it should have been known to the accused infringer.

In re Seagate Technology, LLC, 479 F.3d 1360, 1371 (Fed. Cir. 2007) (en banc).

Therefore, under Seagate, Eaton must first prove by clear and convincing evidence that defendants acted despite an objectively high likelihood that their actions constituted infringement of a valid patent. If this initial objective inquiry is satisfied, Eaton must then prove by clear and convincing evidence a secondary, subjective inquiry - namely that defendants knew or should have known about the objectively defined risk.

Defendants' motion is based solely on the first, objective, part of the Seagate analysis.

I. '350 Patent

In Franklin Electric Co., Inc. v. Dover Corp., 2007 U.S. Dis. LEXIS 84588 (W.D. Wis. Nov. 15, 2007), summary judgment on non-infringement was initially entered by the district court. On appeal, the Federal Circuit reversed and remanded. On remand, the district court held that "[r]egardless of the contrary decision of the Appeals Court, the analysis [finding no liability] establishes defendants' conduct in selling its product was not reckless in the sense that there was an 'objective high likelihood' that its actions were infringement." Id.

In this case, the Court first granted summary judgment of invalidity of the '350 patent. Plaintiff moved for reconsideration as to Claims 8 and 9, which the Court granted, based on the submission of expert opinion testimony. This case is not quite

like Franklin Electric because the findings of this Court were not final until reconsideration was granted. The fact that this Court has concluded that two claims of the '350 patent remain presumptively valid leaves open the issue of willful infringement under the objective prong of In re Seagate.

II. '458 Patent

Eaton bases its claim of willfulness on this Court's finding on summary judgment that defendants' FreedomLine transmission with the SureShift lever infringes Eaton's '458 patent. Defendant asserts that its reasonable invalidity defense precludes a finding of willful infringement. Even though invalidity remains an issue to be decided at trial, defendants argue that their invalidity positions reveal the opposite of objective recklessness. See TGIP, Inc. v. AT&T Corp., 2007 U.S. Dis. LEXIS 79919, *37 ("[e]ven though [the accused infringer] ultimately did not prove its invalidity defense by clear and convincing evidence, its position was hardly objectively unreasonable."). However, the court in TGIP vacated a jury verdict of willfulness based, in part, on the vacation of the jury's verdict of infringement. In this case, the Court has found infringement of the '458 patent as a matter of law.

Where the Court has already found infringement, and the jury has yet to address the defense of invalidity, the Court is unable to say that no jury could find there was an objectively high likelihood that the defendant infringed a valid patent. For the reasons stated above, defendants' motion for summary judgment precluding willful infringement and enhanced damages, based on the objective prong of the Seagate test, is DENIED.

It is so ordered.


Dated: April 3, 2008

                                    S/George Caram Steeh
                                    GEORGE CARAM STEEH
                                    UNITED STATES DISTRICT JUDGE

---

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on
April 3, 2008, by electronic and/or ordinary mail.

s/Josephine Chaffee
Deputy Clerk

---