UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

EATON CORPORATION,

       Plaintiff,

Case No. 03-74844

vs.

HON. GEORGE CARAM STEEH

ZF MERITOR LLC, ARVINMERITOR,
INC. and ZF FRIEDRICHSHAFEN AG,

       Defendants.
_____/

ORDER DENYING DEFENDANTS' MOTION FOR
RECONSIDERATION OF ORDER DENYING SUMMARY JUDGMENT
OF INVALIDITY OF CLAIMS 8 AND 9 OF U.S. PATENT 5,624,350 [DOC. 288]

On April 3, 2008 this Court entered an order denying defendants' motion for summary judgment of invalidity of claims 8 and 9 of the '350 patent. Defendants filed a motion for reconsideration of that order on April 17, 2008. Plaintiff filed a motion for leave to respond to defendants' motion on April 24, 2008, which the Court permitted.

Local Rule 7.1(g)(3) of the Local Rules of the United States District Court for the Eastern District of Michigan provides:

> [M]otions for rehearing or reconsideration which merely present the same issues ruled upon by the court, either expressly or by reasonable implication, shall not be granted. The movant shall not only demonstrate a palpable defect by which the court and the parties have been misled but also show that a different disposition of the case must result from a correction thereof.

Defendants first argue the Court used the wrong legal standard regarding public accessibility. The correct standard is whether a document "has been disseminated or otherwise made available to the extent that persons interested and ordinarily skilled in the subject matter or art, exercising reasonable diligence, can locate it." In re Wyer, 655

F.2d 221, 226-27 (C.C.P.A. 1981). The Court recognized this as the correct standard at page 2 of its Order, and it is the standard the Court applied. Defendants' contention that the Court used the wrong standard is directed to a restatement by the Court at the conclusion of its discussion of public accessibility. There the Court stated:

> The standard of public accessibility is whether the publication was intended for dissemination to the public and whether a person of ordinary skill in the art in 1994 would have been able to readily find the reference.

(Order at pp. 9-10). By using the word *readily*, the Court did not intend to change the standard from *exercising reasonable diligence* to a standard that requires anything less than reasonable diligence.

Defendants' second argument is that the Court erred in concluding that there is a genuine issue of material fact concerning public accessibility. Defendants contend that the Court resolved all of the underlying facts, leaving only the ultimate question of public accessibility - a legal question for the Court to decide. In fact, the Court did not resolve all of the underlying questions of fact. While defendants argue that the library itself serves as a de facto subject matter index, the Court noted defendants' contention but did not make such a finding. The Court also described the testimony of Albers and Frey, that a vehicular engineer interested in a particular topic would know to check the Institute for relevant publications. The Court did not make any findings of fact with regard to such testimony.

Even accepting this testimony as true, it remains open whether reasonable diligence would enable an engineer interested and ordinarily skilled in the art to locate the Krauss Paper. In order to give meaning to the language of the printed publication standard set out in In re Wyer, this is indeed relevant. In order to answer the ultimate inquiry, additional questions arise. Given the breadth of the subject matter pertaining to

2

vehicular engineering, how likely is it that an engineer looking for papers on automatic truck transmissions would look to this library for such information, even assuming the library itself serves as a defacto subject matter index for all matters of vehicular engineering?  How many libraries are there in the world that house papers relevant to vehicular engineers?  How many papers are shelved at each library, and how are they catalogued or organized?  How many papers were shelved at the University of Karlsruhe's Institute of Machine Construction and Vehicle Engineering?  How long would a person interested and ordinarily skilled in the subject matter or art have to look for a relevant reference in order to satisfy that they exercised reasonable diligence?  These are among the factual issues the jury will be asked to resolve.

Finally, defendants take issue with the Court's reliance on secondary considerations in declining to grant summary judgment on the obviousness of the '350 invention in view of Krauss and Cote.  The Court finds that defendants' motion, as to this argument, simply reiterates earlier arguments which have been previously considered and addressed.  Accordingly,

IT IS ORDERED that defendants' motion for reconsideration is hereby DENIED.  So ordered.


Dated:  April 30, 2008         S/George Caram Steeh
                               GEORGE CARAM STEEH
                               UNITED STATES DISTRICT JUDGE

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on April 30, 2008, by electronic and/or ordinary mail.

S/Josephine Chaffee
Deputy Clerk