# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF MICHIGAN

EATON CORPORATION,

      Plaintiff,

  V.                                      Civil Action No.: 03-74844

ZF MERITOR LLC,                      Honorable George Caram Steeh
ARVINMERITOR, INC. AND
ZF FRIEDRICHSHAFEN AG,           Magistrate Judge R. Steven Whalen

      Defendants.
_____/

**DEFENDANTS' OPPOSITION TO PLAINTIFF'S EMERGENCY MOTION *IN LIMINE*
TO EXCLUDE SUPPLEMENTAL EXPERT REPORT, SECTION 282 NOTICE
AND OTHER DOCUMENTS (D.I. 384)**

                                        Gary M. Ropski
                                        Laura Beth Miller
                                        Thomas J. Filarski
                                        Charles M. McMahon
                                        Mircea Tipescu
                                        Timothy J. Le Duc
                                        BRINKS HOFER GILSON & LIONE
                                        NBC Tower, Suite 3600
                                        455 N. Cityfront Plaza Drive
                                        Chicago, IL 60611
                                        (312) 321-4200

                                        James K. Cleland (P68507)
                                        BRINKS HOFER GILSON & LIONE
                                        524 South Main Street, Suite 200
                                        Ann Arbor, MI 48104
                                        (734) 302-6000

                                        Attorneys for Defendants, ZF Meritor LLC,
                                        ArvinMeritor, Inc. and ZF Friedrichsh

## I. INTRODUCTION

Plaintiff complains that defendants made three supplemental disclosures in response to recent developments in the pretrial proceedings. What plaintiff fails to note is that two of these disclosures relate to a prior art reference *that plaintiff listed on its trial exhibit list*. The third supplemental disclosure is responsive to plaintiff's own belated clarification of the basis for its copying allegations at a recent hearing before the Court. All three disclosures are consistent with positions defendants have long taken in this case, and none of the disclosures causes plaintiff any undue prejudice. There is no reason to exclude these disclosures or preclude defendants from relying on them at trial.

Defendants supplemental notice pursuant to 35 U.S.C. § 282 and the supplemental expert report of Dr. Gregory Davis relate to published British patent application GB 2 231 116 (the "Reik reference"), which is prior art to plaintiff's U.S. Patent No. 5,624,350 (the "'350 patent"). Plaintiff identified the Reik reference as Plaintiff's Exhibit 260 on the trial exhibit list filed with the pretrial order. Indeed, plaintiff's internal documents demonstrate that plaintiff has been aware of the Reik reference since at least 1991.

The Reik reference is primarily relevant to defendants' indefiniteness claim—the legal issue on which the Court recently decided to hear evidence in parallel with the scheduled jury trial. Defendants provided their supplemental § 282 notice and expert report in light of the Court's ruling to more thoroughly reflect Dr. Davis's opinion regarding indefiniteness. The Reik reference also relates to defendants' prior art invalidity claims because it discloses the use of a clutch approach point, which Reik describes as a "waiting position." Given plaintiff's long-standing familiarity with both the Reik reference and Dr. Davis's opinions that the '350 patent

1

claims are both indefinite and obvious, defendants' reliance on this reference at trial will not unduly prejudice plaintiff.

The third disclosure that plaintiff asks to exclude includes four documents that defendants produced last week. These documents relate to early development of ArvinMeritor's SureShift transmission, which plaintiff recently invoked for the first time as evidence that defendants copied U.S. Patent No. 5,664,458 (the "'458 patent"). At the August 20, 2008 hearing before the Court, plaintiff belatedly emphasized to the Court that defendants incorporated the claimed invention into the SureShift lever after ZF learned of the '458 patent in 1998. Last week, defendants discovered the four early SureShift functional specifications, which disprove plaintiff's belated allegation. These documents demonstrate that the rolling start feature was incorporated in the development of the SureShift transmission as early as 1994, long before plaintiff even filed its application for the '458 patent.

## II. ARGUMENT

### A. The Court Should Exercise Its Broad Discretion To Admit The Prior Art In Defendants' Amended § 282 Notice

The Federal Circuit has stated that 35 U.S.C. § 282 must be read in light of the Federal Rules of Civil Procedure, and Rule 26 expressly indicates "Congress' clear intent that courts be permissive in the introduction of relevant evidence." *Eaton Corp. v. Appliance Valves Corp.*, 790 F.2d 874, 879 (Fed. Cir. 1986). The Federal Circuit also has held that the thirty-day notice requirement of section 282 "is not absolute but may be waived upon 'such terms as the court requires.'" *Trans-World Mfg. Corp. v. Al Nyman & Sons, Inc.*, 750 F.2d 1552, 1561–62 (Fed. Cir. 1984). It is within a district court's sound discretion to waive the notice requirement where prejudice to the patent owner would not occur. *Appliance Valves*, 790 F.2d at 879.

The district court in *Appliance Valves* allowed the defendants to attack the validity of the patent at trial using three prior art references that were *never* added to their section 282 notice. *Eaton Corp. v. Appliance Valves Co.*, 634 F. Supp. 974, 980–81, 987 (N.D. Ind. 1984), *aff'd*, 790 F.2d 874 (Fed. Cir. 1986). One of the references had been given to the plaintiff at a deposition, another was never given to the plaintiff but had been on the market for ten years and was an exhibit in an earlier proceeding in the case, and the third was known by the plaintiff's inventor prior to his conception. *Id.* at 980. For those reasons, the district court admitted the prior art references, because "there was substantial compliance with the letter and spirit of 35 U.S.C. § 282," and "[t]here was no prejudice whatsoever worked on the plaintiff . . . in regard to any alleged non-compliance with the strict provisions of § 282." *Id.* at 987. The Federal Circuit affirmed because the plaintiff had more than adequate opportunity to deal with the prior art, and the plaintiff "made no effort to persuade [the Federal Circuit] that the court's decision to admit [the references] resulted in surprise or rendered [the plaintiff] incapable of adequately responding to the prior art." *Appliance Valves*, 790 F.2d at 879–80.[1]

The facts here not only are analogous to those in *Appliance Valves*, but factor even more strongly in favor of admitting the prior art into evidence. Defendants seek to rely on published

---

[1] *See also Shatterproof Glass Corp. v. Guardian Glass Co.*, 462 F.2d 1115, 1120–21 (6th Cir. 1972) (affirming the admission of prior art despite lack of notice, because fairness dictates § 282 issues and the patentee was aware of the reference over a year before trial); *Edward Valves, Inc. v. Cameron Iron Works, Inc.*, 286 F.2d 933, 948–49 (5th Cir. 1961) (same despite only six days notice before trial); *Kardulas v. Fl. Mach. Prods. Co.*, 438 F.2d 1118, 1122–23 (5th Cir. 1971) (ordering new trial because trial court, rigidly applying § 282, erroneously excluded depositions that plaintiff had attended but were not in defendants' § 282 notice); *Sutter Prods. Co. v. Pettibone Mulliken Corp.*, 428 F.2d 639, 641–42 (7th Cir. 1970) (affirming the admittance of prior art despite absence of notice, because § 282 "lays down no arbitrary or absolute rule to prevent surprise at trial" and there was no indication that plaintiff was prejudiced at trial).

UK Patent Application GB 2,231,116A (the "Reik reference") at trial to prove the invalidity of the '350 patent. Plaintiff's internal documents make reference to the Reik reference at least as early as 1991. Plaintiff identified one of these documents as Plaintiff's Exhibit 259 on its trial exhibit list. (Ex. A, Plaintiff's Exhibit List.) In addition, plaintiff also produced a copy of the Reik reference during discovery and identified the reference as Plaintiff's Exhibit 260 on its trial exhibit list. (*Id.*)

In short, the Reik reference has been on plaintiff's radar screen since at least 1991, and throughout this litigation. Plaintiff has had ample time to analyze the reference, and there will be no unfair surprise or prejudice to plaintiff if defendants rely on the Reik reference at trial. As in *Appliance Valves*, defendants have been in "substantial compliance with the letter and spirit" of section 282's notice requirement. Defendants have contested the validity of plaintiff's '350 patent since day one, there is voluminous evidence that plaintiff has known about the Reik reference since long before the litigation commenced, and defendants did not purposely withhold the reference.[2] Because plaintiff cannot be surprised by the Reik reference or its relevance to this case, and because plaintiff is fully capable of adequately responding to defendants' reliance on the reference, the Court should permit defendants and Dr. Davis to rely on the Reik reference at trial.

---

[2] The Reik application is particularly relevant to defendants' claim that the '350 patent claims are indefinite. In light of the Court's recent ruling that it will hear evidence on indefiniteness in parallel with the jury trial, defendants supplemented their § 282 notice and Dr. Davis supplemented his expert report. *See Sutter Prods.*, 428 F.2d at 642 (affirming district court's decision to admit prior art despite lack of notice, because, *inter alia*, "[t]here was no indication that defendant deliberately obscured its intention to rely upon [the reference].").

## B. Eaton Is Not Prejudiced By The Supplemental Expert Report

Contrary to plaintiff's arguments, Federal Rules of Civil Procedure 26 and 37 do not compel the exclusion of Dr. Davis' testimony regarding the Reik reference. The Sixth Circuit recently held that "[r]ule 37 provides that the trial judge should not exclude expert testimony unless the failure to disclose is both unjustified and harmful." *U.S. v. Rapanos*, 376 F.3d 629, 644–45 (6th Cir. 2004), *vacated and remanded on other grounds*, 547 U.S. 715 (2006). District courts have "'enormous discretion in deciding whether a party's violation of the expert report rules is justified' under Rule 37(c)(1)." *In re John Richards Homes Bldg. Co.*, 312 B.R. 849, 865 (E.D. Mich. 2004). The Eastern District of Michigan has enumerated factors that guide a district court's discretion in determining substantial justification or harmless are: "(1) the prejudice or surprise to the party against whom the evidence is proffered; (2) the ability of the party to cure the prejudice; (3) the likelihood of disruption to the trial; and (4) the bad faith or willfulness involved in not disclosing the evidence at an earlier date." *Walker v. Eagle Press & Equip. Co.*, No. 03-72850, 2007 WL 907268, at *7 (E.D. Mich. Mar. 23, 2007) (citing *David v. Caterpillar, Inc.*, 324 F.3d 851, 857 (7th Cir. 2003)).

Plaintiff will not be prejudiced by testimony regarding the Reik reference. As noted above, plaintiff identified the Reik reference on its trial exhibit list, having known about the reference since at least 1991 and having previously produced a copy of the reference in this case. The Reik reference is similar to other prior art on which Dr. Davis has opined, so plaintiff and Dr. Caulfield are familiar with Dr. Davis's opinions and defendants' invalidity positions. There is nothing to suggest permitting defendants and Dr. Davis to rely on the Reik reference would disrupt the trial. Finally, there is no evidence that defendants have acted in bad faith in making these disclosures at this time. Accordingly, nothing in Rules 26 or 37 justifies excluding the Reik reference or Dr. Davis's testimony on the reference.

### C. Defendants' Production Of The SureShift Functional Specifications Does Not Unduly Prejudice Plaintiff

As the Court may recall, plaintiff did not allege copying in its interrogatory responses during discovery, as required by the Federal Rules of Civil Procedure. Only after discovery closed, did plaintiff finally allege copying as part of its willfulness claim. This was the basis for defendants motion *in limine* to exclude plaintiff's belated willfulness theory. (D.I. 318.)

After hearing the parties' arguments on August 20, 2008, the Court denied defendants' motion *in limine*, enabling plaintiff to present its copying allegations to the jury. In response to the Court's questioning at the hearing, plaintiff repeatedly emphasized reliance on defendants incorporation of the SureShift lever as evidence of copying—allegations that plaintiff had never explained in its interrogatory responses. Based on plaintiff's representations at the August 20 hearing, defendants sought to determine when the rolling start feature was first included in the SureShift lever. Defendants discovered the four documents that they produced last week, which demonstrate that the rolling start feature was included in functional specifications for ArvinMeritor's SureShift transmission at least as early as 1994.

The relevance of the SureShift functional specifications to this case developed only recently, and only as a result of plaintiff's own belatedly disclosed theory of willful infringement. Accordingly, any potential prejudice these four documents cause to plaintiff is no greater than the prejudice plaintiff's belated willfulness theory causes to defendants, and the Court has already ruled that plaintiff may proceed with that theory at trial.

### III. CONCLUSION

For the reasons explained above, defendants respectfully request that the Court deny plaintiff's motion and permit defendants to rely at trial on the Reik reference, the Fourth

Supplemental Expert Report of Dr. Davis, and the early SureShift functional specifications.

Dated: September 17, 2008                    Respectfully submitted,

|  |  |
|---|---|
|  | /s/ Charles M. McMahon |
| James K. Cleland (P68507) | Gary M. Ropski |
| BRINKS HOFER GILSON & LIONE | Laura Beth Miller |
| 524 South Main Street, Suite 200 | Thomas J. Filarski |
| Ann Arbor, MI 48104 | Charles M. McMahon |
| Telephone: (734) 302-6000 | Mircea Tipescu |
| Facsimile: (734) 994-6331 | Timothy J. Le Duc |
| Email: jcleland@brinkshofer.com | BRINKS HOFER GILSON & LIONE |
|  | NBC Tower, Suite 3600 |
|  | 455 N. Cityfront Plaza Drive |
|  | Chicago, IL 60611 |
|  | Telephone: (312) 321-4200 |
|  | Facsimile: (312) 321-4299 |

*Attorneys for Defendants ZF Meritor LLC, ArvinMeritor, Inc. and ZF Friedrichshafen AG*

# CERTIFICATE OF SERVICE

I hereby certify that copies of the foregoing:

**DEFENDANTS' OPPOSITION TO PLAINTIFF'S EMERGENCY MOTION IN LIMINE TO EXCLUDE SUPPLEMENTAL EXPERT REPORT, SECTION 282 NOTICE AND OTHER DOCUMENTS (D.I. 384)**

were served upon counsel of record in the manner indicated below:

| BY THE ECF SYSTEM | BY EMAIL |
|---|---|
| Alan C. Harnisch – | Michael H. King – mking@llgm.com |
| aharnisch@stroblpc.com | Keith P. Schoeneberger |
| STROBL CUNNINGHAM | DEWEY & LeBOEUF, LLP |
| & SHARP, P.C. | Two Prudential Plaza |
| Suite 200 | 180 North Stetson Avenue, Suite 1175 |
| 300 East Long Lake Road | Chicago, Illinois 60601 |
| Bloomfield Hills, MI 48304 | |
| | William H. Mandir – wmandir@sughrue.com |
| | John F. Rabena |
| | SUGHRUE MION, PLLC |
| | 2100 Pennsylvania Avenue, NW |
| | Washington, D.C. 20037 |

Dated: __September 17, 2008__      /s/ Charles M. McMahon
　　　　　　　　　　　　　　　　　　Charles M. McMahon
　　　　　　　　　　　　　　　　　　BRINKS HOFER GILSON & LIONE
　　　　　　　　　　　　　　　　　　NBC Tower, Suite 3600
　　　　　　　　　　　　　　　　　　455 N. Cityfront Plaza Drive
　　　　　　　　　　　　　　　　　　Chicago, IL 60611
　　　　　　　　　　　　　　　　　　(312) 321-4200
　　　　　　　　　　　　　　　　　　cmcmahon@brinkshofer.com